1  Irving L. Berg (SBN 36273)
   THE BERG LAW GROUP
2  145 Town Center, PMB 493
   Corte Madera, California 94925
3  (415) 924-0742
   (415) 891-8208 (Fax)
4  irvberg@comcast.net (e-mail)

5  ATTORNEYS FOR PLAINTIFF

6

7

8

9

10            UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12            SAN FRANCISCO DIVISION

13  WILLIE F. TICZON, individually and on      Case No.: C 08-1312 SBA
    behalf of all others similarly situated,
14                                             **CLASS ACTION**
                     Plaintiff,
15  v.                                         **COMPLAINT FOR DAMAGES FOR**
                                               **UNLAWFUL DEBT COLLECTION**
16  DUNSTONE FINANCIAL LLC; DOES 1             **PRACTICES**
    THROUGH 10,
17                                             **DEMAND FOR JURY TRIAL**
    _____ Defendants. _____/
18

19                      **I.  INTRODUCTION**

20        1.      Plaintiff brings this class action based upon Defendants' violation of the anti-

21  deception provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

22  ("FDCPA").  The Act, *inter alia*, prohibits debt collectors from engaging in false, deceptive,

23  misleading, and unfair debt collection practices: 15 U.S.C. §§ 1692e and 1692f.

24                   **II.  JURISDICTION AND VENUE**

25        2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331

26  and 1337.

27        3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

28

### III.  PARTIES

4.      Plaintiff, WILLIE F. TICZON, ("Mr. Ticzon") is a married person, a citizen of the state of California, who resides at 266 Dundee Drive, South San Francisco, California.

5.      Defendant DUNSTONE FINANCIAL LLC ("Dunstone") is an Arizona LLC.  Its principal office is at 3832 East Watkins Street, Suite 200, Phoenix, AZ 85034.  Service of process can be made on an officer of Dunstone at its principal office.

6.      Defendant Dunstone is a debt collector under the provisions of 15 U.S.C. § 1692a(6).

7.      Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names of DOES 1 THROUGH 10 ("Doe Defendants").

8.      Each of the fictitiously named Doe Defendants is responsible in some manner for the wrongdoing alleged herein, and is liable for the damages recoverable by Plaintiff.  Each of the Doe Defendants was acting as agent or employee of the others.

### IV.  FACTUAL ALLEGATIONS

9.      On or about May 12, 1999, Plaintiff obtained a consumer credit card from Providian Financial Corporation.  The account was a revolving credit card account.  Some time thereafter, Providian was acquired by Washington Mutual.

10.     Plaintiff used the card for the purchase of consumer goods and services for his personal and household needs.

11.     Plaintiff came upon difficult financial circumstances and was unable to pay the account.

12.     Plaintiff first became delinquent on March 28, 2003.

13.     Washington Mutual thereafter initiated its internal collection procedures.

14.     Washington Mutual charged off the account on September 30, 2003.

15.     Sometime thereafter, Defendant Dunstone acquired the account.

/ / /

/ / /

COMPLAINT FOR DAMAGES FOR
UNLAWFUL DEBT COLLECTION
PRACTICES                                2

TICZON V. DUNSTONE FINANCIAL LLC

16.     Defendant reported to the Experian credit bureau and, on information, other credit bureaus, false information which stated, in relevant part:

| | |
|---|---|
| Account Name: | Dunstone Financial |
| Account Number: | D1073xxxx |
| Acct Type: | Unknown - Credit Extension, Review, or Collection |
| Account Status: | .... |
| Monthly Payment: | |
| Date Open: | 2/1/04 |
| .... | .... |
| Terms | 1 month |
| .... | .... |
| .... | .... |
| Payment Status: | Seriously past due date/assigned to attorney, collection agency, or credit grantor's internal collection department |

17.     Exhibit A, attached hereto, shows that the report was false, as, *inter alia*, Plaintiff's account was opened with Providian Financial on May 12, 1999, and was assigned Account Number 4465691100669544.  As stated above, the account status was delinquent on March 28, 2003.  Washington Mutual thereafter initiated its internal collection procedures.  The account was charged off on September 30, 2003.

18.     The credit account was a revolving account, and not for a term of 1 month.

19.     The account was reported to Dunstone as disputed.

20.     Defendant Dunstone's practice and procedure, as stated in Paragraph 16, violates 15 U.S.C. § 1692e, as its representations are false, deceptive, and misleading representations in the collection of a debt.

21.     Defendant Dunstone's practice and procedure, as stated in Paragraph 16, violates 15 U.S.C. § 1692e(2)(A), as false representations as to character and legal status of the debt.

22.     Defendant Dunstone's practice and procedure, as stated in Paragraph 16, violates 15 U.S.C. § 1692e(8), as Dunstone's communications to the credit bureau was of credit information which was known or which Dunstone should have known was false.

23.     Defendant Dunstone's practice and procedure, as stated in Paragraph 16, violates 15 U.S.C. § 1692e(10), as it is the use of a false representation and deceptive means to collect or attempt to collect a debt.

24.    Defendant Dunstone's practice and procedure, as stated in Paragraph 16, violates 15 U.S.C. § 1692f, as it is an unfair and unconscionable means to collect or attempt to collect a debt.

## V.  CAUSE OF ACTION
(Claim for violation of the Fair Debt Collection Practices Act)

25.    Plaintiff incorporates by reference the foregoing paragraphs.

26.    Defendant Dunstone violates the following sections of the Fair Debt Collection Practices Act ("FDCPA"): 15 U.S.C. §§ 1692e, e(2)(A), e(8), e(10), and 1692f in the following manner:

A.    communicating false, deceptive and misleading representations in connection with the collection of Plaintiff's debt.  15 U.S.C. § 1692e.

B.    communicating false, deceptive and misleading representations as to the character and legal status of Plaintiff's debt.  15 U.S.C. § 1692e(2)(A).

C.    communicating credit information which is known to be false.  15 U.S.C. § 1692e(8).

D.    using false representations and deceptive means to collect or attempt to collect a debt.  15 U.S.C. § 1692e(10).

E.    using unfair and unconscionable means to collect or attempt to collect a debt.  15 U.S.C. § 1692f.

## VI.  CLASS ALLEGATIONS

27.    Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons in the States of Arizona and California about whom Defendant Dunstone communicated to credit bureaus false, deceptive, and misleading information concerning consumer debts during the one-year period prior to the filing of this Complaint and up through the time of judgment of this action.

28.    The Class is so numerous that joinder of all members is impracticable.  Although the precise number of Class members is known only to Defendant, Plaintiff avers upon

COMPLAINT FOR DAMAGES FOR                          TICZON V. DUNSTONE FINANCIAL LLC
UNLAWFUL DEBT COLLECTION
PRACTICES                                4

1  information and belief that the Class numbers is in the thousands.

2      29.    There are questions of law and fact common to the Class that predominate over

3  any questions affecting only individual Class members.  The principal question is whether the

4  Defendant violated the FDCPA by sending communications the same or similar to that described

5  in the factual allegations hereinabove.

6      30.    Plaintiff's claims are typical of the claims of the Class, which all arise from the

7  same operative facts and are based on the same legal theories.

8      31.    Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff is

9  committed to vigorously litigating this matter.  Further, Plaintiff has retained counsel highly

10  experienced in class action litigation to prosecute his claims and those of the Class.

11      32.    This action should be maintained as a class action because the prosecution of

12  separate actions by individual members of the Class would create a risk of inconsistent or

13  varying adjudications with respect to individual members which would establish incompatible

14  standards of conduct for the parties opposing the Class, as well as a risk of adjudications with

15  respect to individual members which would as a practical matter be dispositive of the interests of

16  other members not parties to the adjudications or substantially impair or impede their ability to

17  protect their interests.

18                        **VII.  PRAYER**

19      **WHEREFORE**,  Plaintiff, individually and on behalf of all others similarly situated

20  request of this Court the following monetary and equitable relief:

21      A.    An Order certifying that the action be maintained as a class action under

22  Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and Plaintiff's

23  undersigned counsel to represent the Class.

24      B.    Pursuant to 15 U.S.C. § 1692k(a)(2)(B) statutory damages against each Defendant

25  of (a) $1,000.00 for the named Plaintiff and (b) a sum not to exceed the lesser of $500,000.00 or

26  1 per centum of the net worth of each Defendant for all other class members.

27

28

COMPLAINT FOR DAMAGES FOR                    TICZON V. DUNSTONE FINANCIAL LLC
UNLAWFUL DEBT COLLECTION
PRACTICES              5

1       C.      Reasonable attorney fees and costs pursuant to 15 U.S.C. 1692k(a)(2)(B)(3).

2       D.      Such other and equitable relief as this Court may deem necessary or proper.

3

4   Dated: __3/6/08_____             ____/s/_____

                                    Irving L. Berg

5                                       THE BERG LAW GROUP

                                    ATTORNEY FOR PLAINTIFF

6

7                       **DEMAND FOR TRIAL BY JURY.**

8       Plaintiff hereby demands a trial by jury.

9

10  Dated: __3/6/08_____             ____/s/_____

                                    Irving L. Berg

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES FOR               TICZON V. DUNSTONE FINANCIAL LLC
UNLAWFUL DEBT COLLECTION
PRACTICES                 6

**EXHIBIT A**

*Form Updated 04/18/2006*

Dunstone Financial L.L.C.
3832 E Watkins St, Suite 200
Phoenix, AZ 85034
(800) 491-9748

Goldsmith & Hull, P.C.
16000 Ventura Blvd., Suite 900
Los Angeles (Encino), CA 91436

### AFFIDAVIT

STATE OF ARIZONA )
                      )ss:
COUNTY OF MARICOPA )

      Personally appeared before me, the undersigned, who after being sworn, says that she is an authorized representative of Dunstone Financial, L.L.C. and as such is authorized to make this affidavit, and that she has examined the written statement of account of the defendant(s), which consists of the following:

Defendant     WILLIE F TICZON           Co-Defendant
Defendant SSN  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              Co-Defendant SSN

Address on File  266 DUNDEE DR
                  SAN FRANCISCO, CA 94125

Phone No.
       hOME                       650-997-0379

Original Creditor PROVIDIAN NATIONAL BANK    Current Owner    Dunstone Financial L.L.C.
Orig Cred Acct # 4465691100669544            Dunstone Acct #   107301-1
Origination Date 05/12/1999
Annual Int %   18.7399997711182          Principal Balance    $7,811.78
First Delinq Date 03/28/2003                Accrued Interest    $5,931.91
Last Pmt Date 02/18/2003                  Total Balance Referred $13,743.69
Charge-Off Date 09/30/2003

and that the same is true and correct to the best of her knowledge and that no part of the balance due has been paid by cash, discount or otherwise. Dunstone purchased this account from the Original Creditor or its Assignee(s).

                                           Nivedita Martine, Administration Manager
                                           Dunstone Financial, L.L.C.

      SUBSCRIBED AND SWORN to before me this Thursday, October 18, 2007 by Nivedita Martine as Administration Manager of Dunstone Financial, L.L.C.

My Commission Expires:                   Notary Public

     3-15-2011

GINA M SEARLE
Notary Public - Arizona
Pinal County
Expires 03/15/2011