Mark E. Ellis - 127159
Jeffrey J. Whitelaw - 182869
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant
DUNSTONE FINANCIAL, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIE F. TICZON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DUNSTONE FIANANCIAL, LLC; DOES 1 THROUGH 10, | Case No.: CV 081312 SBA<br><br>**DEFENDANT DUNSTONE FINANCIAL LLC'S ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES** |

Defendant DUNSTONE FINANCIAL, LLC (hereinafter "Defendant") hereby responds to Plaintiff's Class Action Complaint as follows:

1.  As to Paragraph 1, Defendant denies these allegations.

2.  As to Paragraph 2, Defendant denies this allegation.

3.  As to Paragraph 3, Defendant denies this allegation.

4.  As to Paragraph 4, Defendant does not possess sufficient information to admit or deny these allegations, and, on that basis, denies these allegations.

5.  As to Paragraph 5, Defendant admits this allegation.

6.  As to Paragraph 6, Defendant admits this allegation.

7.  As to Paragraph 7, Defendant does not possess sufficient information to admit or deny this allegation, and, on that basis, denies this allegation.

8. As to Paragraph 8, Defendant lacks sufficient information to admit or deny this allegation, and, on that basis, denies this allegation.

9. As to Paragraph 9, Defendant admits that Plaintiff obtained a consumer credit card on or about May 12, 1999 but denies that Providian Financial Corporation was the card issuer. Defendant admits the remaining allegations.

10. As to Paragraph 10, Defendant lacks sufficient information to admit or deny any allegations, and, on that basis, denies this allegation.

11. As to Paragraph 11, Defendant lacks sufficient information to admit or deny any allegations, and, on that basis, denies this allegation.

12. As to Paragraph 12, Defendant admits this allegation.

13. As to Paragraph 13, Defendant lacks sufficient information to admit or deny any allegations, and, on that basis, denies this allegation.

14. As to Paragraph 14, Defendant admits this allegation.

15. As to Paragraph 15, Defendant admits that it acquired the account on February 19, 2004.

16. As to Paragraph 16, Defendant denies these allegations.

17. As to Paragraph 17, Defendant denies these allegations.

18. As to Paragraph 18, Defendant admits this allegation.

19. As to Paragraph 19, Defendant denies this allegation.

20. As to Paragraph 20, Defendant denies this allegation.

21. As to Paragraph 21, Defendant denies this allegation.

22. As to Paragraph 22, Defendant denies this allegation.

23. As to Paragraph 23, Defendant denies this allegation.

24. As to Paragraph 24, Defendant denies this allegation.

25. As to Paragraph 25, this paragraph does not contain factual allegations that need be admitted or denied and on this basis defendant denies this allegation.

26. As to Paragraph 26, Defendant denies these allegations.

27. As to Paragraph 27, Defendant denies these allegations.

DEFENDANT DUNSTONE FINANCIAL LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

28. As to Paragraph 28, Defendant denies these allegations.

29. As to Paragraph 29, Defendant denies these allegations.

30. As to Paragraph 30, Defendant denies these allegations.

31. As to Paragraph 31, Defendant denies this allegation.

32. As to Paragraph 32, Defendant denies this allegation.

33. As to Plaintiff's prayer for relief, Defendant denies that Plaintiff has been damaged in any amount and denies that Plaintiff is entitled to the relief requested.

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

34. Defendant alleges that this Court lacks subject matter jurisdiction over this Complaint, as the allegations in this Federal Court Complaint are based upon the same set of operative facts alleged in the underlying State Court Complaint, and, as such, these allegations should form the basis of a compulsory Cross-Complaint in the State Court action..

### SECOND AFFIRMATIVE DEFENSE

35. Defendant alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### THIRD AFFIRMATIVE DEFENSE

36. Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations, including but not limited to, 15 U.S.C. § 1692k(d) (FDCPA).

### FOURTH AFFIRMATIVE DEFENSE

37. Defendant alleges that Plaintiff himself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages.

### FIFTH AFFIRMATIVE DEFENSE

38. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately

contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against this Defendant should be reduced or eliminated.

### SIXTH AFFIRMATIVE DEFENSE

39.  Defendant alleges that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

40.  Defendant alleges that all of its actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

### EIGHTH AFFIRMATIVE DEFENSE

41.  Defendant alleges that the representations or statements alleged to have been made by Defendant was true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their truth, validity and accuracy.

### SEVENTH AFFIRMATIVE DEFENSE

42.  Defendant alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Laches.

### EIGHTH AFFIRMATIVE DEFENSE

43.  Defendant alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Unclean Hands.

### NINTH AFFIRMATIVE DEFENSE

44.  Defendant alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Waiver and Plaintiff is also estopped from maintaining this action.

### TENTH AFFIRMATIVE DEFENSE

45.  Defendant alleges that Defendant's conduct was privileged pursuant to California Civil Code Section 47 and/or common law privileges under state and federal law, and as a result, the Complaint, and each cause of action thereof, is barred.

### ELEVENTH AFFIRMATIVE DEFENSE

46.  Plaintiff's claim is subject to the defense of set-off and defendant is entitled to set-off

DEFENDANT DUNSTONE FINANCIAL LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

any recovery by Plaintiff by the amount of any outstanding debts.

## TWELFTH AFFIRMATIVE DEFENSE

47.   Defendant alleges that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

48.   Defendant alleges that all of its actions were taken in good faith without intent to injure plaintiff and with a reasonable belief that such actions were lawful.

## FOURTEENTH AFFIRMATIVE DEFENSE

49.   Defendant is informed and believes and thereon alleges that it has no civil liability pursuant to 15 U.S.C. § 1692k(c), as any violation was unintentional and resulted despite the maintenance of procedures reasonably adopted to avoid any such violation.

## FIFTEENTH AFFIRMATIVE DEFENSE

50.   Defendant alleges that any actions taken by it that were raised in Plaintiff's Complaint, and the causes of actions therein, were fair, not unconscionable, and effected by non-deceptive and lawful means.

## SIXTEENTH AFFIRMATIVE DEFENSE

51.   Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Plaintiff failed to comply with the dispute mechanism set forth by the Fair Debt Collection Practices Act, pursuant to Bleich v. Revenue Maximization Group, Inc., 233 F.Supp.2d 496 (E.D. N.Y. 2002).

## SEVENTEENTH AFFIRMATIVE DEFENSE

52.   Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its clients pursuant to Ducrest v. Alco Collections, Inc. (M.D. La. 1999) 931 F.Supp. 459, 462, and Hulse v. Ocwin (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

## EIGHTEENTH AFFIRMATIVE DEFENSE

53.   Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented to Plaintiff.

DEFENDANT DUNSTONE FINANCIAL LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

### NINETEENTH AFFIRMATIVE DEFENSE

54. Defendants allege that any acts of these Defendants were performed in good faith in conformity with advisory opinions of the Federal Trade Commission pursuant to 15 U.S.C. § 1692k(e).

### TWENTIETH AFFIRMATIVE DEFENSE

55. Defendant alleges that Plaintiff's Complaint and the causes of action alleged therein, is barred by the Knorr-Pennington doctrine.

### TWENTY FIRST AFFIRMATIVE DEFENSE

56. Defendants hereby allege the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

### TWENTY SECOND AFFIRMATIVE DEFENSE

57. Defendant alleges that Plaintiff's Complaint is barred by fraud or other equitable conduct on the part of the Plaintiff.

### TWENTY THIRD AFFIRMATIVE DEFENSE

58. Defendant alleges that Plaintiff's claims are not actionable pursuant to 15 U.S.C. §1681s-2(a).

### TWENTY FOURTH AFFIRMATIVE DEFENSE

59. Defendant alleges that Plaintiff's claims are not actionable pursuant to 15 U.S.C. §1681t(b)(1)(F).

### TWENTY FIFTH AFFIRMATIVE DEFENSE

60. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;

1     3.    For costs of suit incurred herein; and

2     4.    For reasonable attorney's fees pursuant to statute including, but not limited to, 15 U.S.C. § 1692k(a)(3), and

5.    For such other and further relief as the Court deems proper.

Dated: March 31, 2008

                                  Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

                                  By
                                    Jeffrey J. Whitelaw
                                    Attorney for Defendant
                                    DUNSTONE FINANCIAL, LLC

DEFENDANT DUNSTONE FINANCIAL LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

DEMAND FOR JURY TRIAL

Defendant DUNSTONE FINANCIAL, LLC hereby demands a jury trial in this matter.

Dated: March 31, 2008

                         Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

                         By _____
                         Jeffrey J. Whitelaw
                         Attorney for Defendant
                         DUNSTONE FINANCIAL, LLC

DEFENDANT DUNSTONE FINANCIAL LLC'S ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES

# CERTIFICATE OF SERVICE

I, Carol Kenobbie, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On March 31, 2008, I served the following document(s) on the parties in the within action:

**DEFENDANT DUNSTONE FINANCIAL LLC'S ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES**

| | |
|---|---|
| XX | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Irving L. Berg<br>The Berg Law Group<br>145 Town Center, #493<br>Corte Madera, CA 94925 | Attorneys for<br>Plaintiff Willie F. Ticzon |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on March 31, 2008.

By: /s/ Carol Kenobbie
Carol Kenobbie

- 2 -

DEFENDANT DUNSTONE FINANCIAL LLC'S ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES